IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGLELA ARCHIBALD, as Personal Representative of the Estate of James Archibald, Deceased | ) ) ) ) |
| Plaintiff, | ) ) Case No. 3:18-CV-1101-MAB |
| vs. | ) ) ) |
| ORBIT EXPRESS, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Angela Archibald filed this wrongful death and survival action in May 2018, following the death of her husband, James Archibald. Mr. Archibald was injured approximately one year prior, when his vehicle crashed into the trailer of a semitruck that was blocking his lane. Mr. Archibald was ultimately not able to survive the injuries he sustained in the incident and he died. This matter is currently before the Court on the motion for summary judgment filed by Defendant Orbit Express, Inc. (Doc. 59), as well as, Plaintiff Angela Archibald's motion to supplement her brief in opposition to the motion for summary judgment (Doc. 65).

**I.      PLAINTIFF'S MOTION TO SUPPLEMENT (Doc. 65)**

The parties contemplated briefing summary judgment before expert discovery was completed (*see* Docs. 44, 44-1). Consistent with the schedule in this case, Defendant's motion for summary judgment was fully briefed before a single deadline related to expert

discovery had elapsed (*see* Docs. 44, 56, 59, 63, 64). Nevertheless, in its reply brief in support of the motion for summary judgment, Defendant brought up Plaintiff's failure to proffer any evidence, including expert testimony, as to why Mr. Archibald was unable to avoid the collision (Doc. 64, pp. 1–2). Plaintiff then sought leave to supplement her response in opposition to the motion for summary judgment with the expert reports that she disclosed after she filed her response brief (Doc. 65). Defendant opposes Plaintiff's attempt to supplement her brief (Doc. 68).

Having thoroughly reviewed the parties' summary judgment briefing, the Court has determined that the motion presents primarily issues of law and can be decided based on the limited facts and evidence already set forth by the parties. No further evidence is necessary. Plaintiff's motion to supplement is denied for that reason.

## II.  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 59)

### FACTS

These facts are undisputed. On May 25, 2017, Navdeep Singh, a driver for Defendant Orbit Express, Inc., was driving a semi-tractor and trailer down Route 16 in a rural area of Litchfield, Illinois. At some point, Mr. Singh realized he needed to turn around and attempted to do so at the intersection of Route 16 and West County Line Road. However, his rear tire went into the ditch and the truck became stuck, blocking both lanes of traffic on Route 16 at sunset. The tractor was in the eastbound lane with its headlights oriented east—as they would be if the truck were actually travelling in that direction in its own lane. The trailer, however, was not directly behind the tractor. It was cockeyed, coming off the tractor at an angle and positioned across the entire westbound

lane of traffic. (The tractor and the trailer were in the shape of a wide "V"). The truck remained stuck in that position as the sun set and it grew dark. Several cars coming from both directions were able to see the disabled tractor and safely maneuver around it (Doc. 59-3, pp. 8, 9, 15). James Archibald was not.

That night, Mr. Archibald had been at his job at Walmart in Litchfield. Mr. Archibald, who was a diabetic, called his wife and said that he was not feeling well and would be coming home early from work. He was driving in the westbound lane of Route 16, heading home, when he crashed into the trailer that was still blocking his lane of traffic. Deposition testimony from Dawn Trevino indicates the incident occurred sometime after 9:00 p.m. (Doc. 59-3, pp. 6, 10, 28). There is evidence he was travelling at full-speed and never attempted to brake or take any evasive action (Doc. 59-2).

Mr. Archibald was gravely injured and trapped in his vehicle for over 45 minutes. He survived for over eight months before succumbing to his injuries. During that time, Mr. Archibald was conscious and intermittently communicative but never able to say how the incident happened. His wife described his memories of the incident as "vague," "confused," and inaccurate (Doc. 59-4, p. 17).

## DISCUSSION

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, the court's role is not to determine the truth of the matter, or to resolve a disputed factual question, but rather to determine whether

one exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 443 (7th Cir.1994). The court may not "choose between competing inferences or balance the relative weight of conflicting evidence." *Hansen v. Fincantieri Marine Grp., LLC*, 763 F.3d 832, 836 (7th Cir. 2014) (citations omitted). Instead, "it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party." *Id.* "Only if the court can say, on that sympathetic reading of the record, that no finder of fact could reasonably rule in the unsuccessful movant's favor may the court properly enter summary judgment against that movant." *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 603 (7th Cir. 2015).

Plaintiff's wrongful death and survival claims are based on the negligence of Defendant Orbit Express, through its driver, Mr. Singh. To succeed on a negligence claim in Illinois, Plaintiff must prove that Defendant owed a duty of care, Defendant breached that duty, and the breach was the proximate cause of Mr. Archibald's injuries and death. *E.g., Blood v. VH-1 Music First,* 668 F.3d 543, 546 (7th Cir. 2012); *Krywin v. Chicago Transit Auth.*, 938 N.E.2d 440, 446 (Ill. 2010).

Defendant does not contest, and thus concedes for the purposes of this Order, the first two elements: duty and breach of duty (*see* Doc. 59). Defendant only argues that Plaintiff cannot establish the breach was the proximate cause of Mr. Archibald's injuries (*Id.*). Defendant's sole focus is on the fact that Plaintiff has no evidence as to how or why the collision happened from Mr. Archibald's perspective, absent impermissible speculation (*see id.*). For example, there is no evidence as to what Mr. Archibald was doing

before the incident, what he saw or did not see, or why he failed to react to or attempt to avoid the disabled truck (*Id.*). Plaintiff does not even have any evidence that Mr. Archibald was conscious, coherent, or had any cognitive functioning whatsoever prior to the incident, which Defendant asserts is "the most basic element of Plaintiff's case" (*Id.* at p. 6; *see also id.* at p. 10). Defendant asserts that any expert testimony as to how the incident occurred (for example, that Mr. Archibald was confused by the lights on the truck) would be purely speculative and thus inadmissible (*e.g., id.* at p. 7). According to Defendant, the evidentiary vacuum as to whether Mr. Archibald was conscious at the time of the incident or why he failed to avoid it makes it "equally inferable" that he was, for example, asleep, in a diabetic coma, or distracted, particularly since a number of other cars managed to see the disabled truck, brake, and avoid it (*Id.* at pp. 6–7, 11; Doc. 64, p. 2). Defendant further contends that because Plaintiff cannot show how or why the incident happened from Mr. Archibald's perspective, there is nothing that can elevate the disabled truck from a condition by which the incident was made possible to the actual "cause" of the collision (Doc. 59, p. 14, Doc. 64, p. 3).

    Illinois law defines proximate cause as "a cause that, in the natural or ordinary course of events, produced the plaintiff's injury." Ill. Pattern Jury Instructions—Civil, No. 15.01. "[I]t is fundamental in the law of negligence that there may be more than one proximate cause of injury and that one is liable for its negligent conduct whether it contributed in whole or in part to the plaintiff's injury, so long as it was one of the proximate causes of injury." *Ray v. Cock Robin, Inc.*, 310 N.E.2d 9, 11–12 (Ill. 1974) (citations omitted). *Accord* Ill. Pattern Jury Instructions—Civil, No. 15.01 ("It need not be the only

cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.").

Proximate cause has two components: cause in fact and legal cause. *Blood*, 668 F.3d at 546 (citing *Lee v. Chicago Transit Auth.*, 605 N.E.2d 493, 502 (Ill. 1992)). Cause in fact examines whether there is a reasonable certainty that the defendant's conduct caused the injury. *Krywin*, 938 N.E.2d at 446. Under the traditional "but-for" test, a defendant's conduct is a cause in fact of the injury if the injury would not have occurred absent the defendant's conduct. *Turcios v. DeBruler Co.*, 32 N.E.3d 1117, 1124 (Ill. 2015); *Young v. Bryco Arms*, 821 N.E.2d 1078, 1086 (Ill. 2004). Alternatively, the "substantial factor" test is used when there are multiple factors that may have combined to cause the injury. *Young*, 821 N.2d at 1086; *Kramer v. Szczepaniak*, 123 N.E.3d 431, 439 (Ill. App. Ct. 2018) ("When . . . the plaintiff's injury 'results not from the defendant's negligence directly but from the subsequent, independent act of a third person,' courts determine cause in fact by employing the 'substantial factor' test.") (quoting *First Springfield Bank & Tr. v. Galman*, 720 N.E.2d 1068, 1072 (Ill. 1999)). Under this test, a defendant's conduct is a cause in fact of the injury if it was a material element and a substantial factor in bringing about the injury. *Young*, 821 N.E.2d at 1086.

Legal cause, on the other hand, "is established only if the defendant's conduct is so closely tied to the plaintiff's injury that he should be held legally responsible for it." *Young*, 821 N.E.2d at 1086. (internal quotation marks and citation omitted). It "is essentially a question of foreseeability," and the court must determine "whether the injury is of a type that a reasonable person would see *as a likely result* of his or her

conduct" or whether the injury is "so highly extraordinary that imposing liability is not justified." *Blood*, 668 F.3d at 546 (emphasis in original) (citations omitted); *Turcios*, 32 N.E.3d at 1124. Once a plaintiff presents evidence he suffered the sort of injury that would be the expected consequence of the defendant's wrongful conduct, he has done enough to withstand summary judgment on the ground of absence of causation. *BCS Servs., Inc. v. Heartwood 88, LLC*, 637 F.3d 750, 758 (7th Cir. 2011).

Proximate cause is ordinarily a question reserved for the trier of fact. *E.g., Blood*, 668 F.3d at 546. However, proximate cause may be found as a matter of law when the facts are undisputed and only a single inference can be drawn from the facts. *Id.* "[O]nly rarely are the facts so clear that the court can resolve the issue [of proximate cause] as a matter of law." *Palay v. United States,* 349 F.3d 418, 432–33 (7th Cir. 2003).

As an initial matter, the Court will address Defendant's insistence that this is a "condition versus cause" case, (Doc. 64, p. 2; *see also* Doc. 59). The cause/condition language has been used in a particular subset of cases where the plaintiff's injury results not from the defendant's negligence directly but from the subsequent, independent act of a third person. *Abrams v. City of Chicago*, 811 N.E.2d 670, 675 (Ill. 2004); *Galman*, 720 N.E.2d at 1072. When one party's negligence simply furnishes a condition by which an injury is made possible, and that condition leads to an injury due to the later independent act of a third person, the creation of the condition is not the proximate cause of the injury. *Abrams*, 811 N.E.2d at 675; *Galman*, 720 N.E.2d at 1071. "The subsequent independent act becomes the effective intervening cause which breaks the causal connection, and itself becomes the proximate cause." *Shicheng Guo v. Kamal*, --- N.E.3d ---, 2020 WL 1028046, at

*5 (Ill. App. Ct. 2020) (quoting *Merlo v. Public Service Co.*, 45 N.E.2d 665, 675 (Ill. 1942)).

The Court questions whether the cause/condition analysis is applicable to this case. The Illinois Supreme Court has "reiterated that [this] analysis applies to cases in which injury is caused by the *intervening acts of third parties.*" *Young*, 821 N.E.2d at 1087 (citing *Abrams*, 811 N.E.2d at 675) (emphasis added). *See also Galman*, 720 N.E.2d at 1072, n.1. Here, however, there is no third party. There is Plaintiff's decedent: Mr. Archibald, and there is Defendant's driver. That's it.

At any rate, Defendant's invocation of the cause/condition language does not change the proximate cause analysis. As the Illinois Supreme Court explained, the cause/condition analysis is simply a variation of "the traditional proximate cause test that has governed Illinois for the better part of this century." *Galman*, 720 N.E.2d at 1072–73. *See also Kramer*, 123 N.E.3d at 440 (noting the condition/cause theory "merely restates the law of proximate cause and is not a distinct doctrine.") When it comes to cause in fact, asking "whether the defendant's conduct was a cause of the injury or simply furnished a condition by which the injury was made possible," is in effect the same as asking "whether the defendant's conduct was a material and substantial element in bringing about the injury." *Galman*, 720 N.E.2d at 1072. Regardless of what language is used, the cause in fact analysis ultimately boils down to "whether absent the defendant's conduct, that injury still would have occurred." *Galman*, 720 N.E.2d at 1072 ("[I]n deciding whether a defendant's conduct was a material and substantial element in bringing about an injury, we ask whether, absent the defendant's conduct, that injury still would have occurred." (citing *Lee*, 605 N.E.2d at 503)). And the relevant inquiry regarding legal cause "is whether

the injury is of a type that a reasonable person would see *as a likely result* of his or her conduct." *Galman*, 720 N.E.2d at 1073 (emphasis added).

The Court next turns to Defendant's contention, which is unsupported by citations to any legal authority, that in order to establish proximate cause, Plaintiff must show that Mr. Archibald was "coherent or cognitive" at the time of the incident, or otherwise show why Mr. Archibald failed to avoid colliding with the trailer (Docs. 59, 64). Not so. All Plaintiff is required to show is that the injury would not have occurred absent Defendant's negligence and that the injury was the type that would be expected from Defendant's negligence. Defendant's argument is another way of saying Plaintiff must prove the nonexistence of any potential superseding cause of the incident and his own contributory negligence, *e.g.,* that he was not distracted, impaired by an emergency medical situation, or driving negligently in some other manner, and was instead driving vigilantly and had his vehicle under proper control. But "[t]he plaintiff doesn't have to prove a series of negatives; he doesn't have to 'offer evidence which positively exclude[s] every other possible cause of the accident.'" *BCS Servs.*, 637 F.3d at 757 (quoting *Carlson v. Chisholm–Moore Hoist Corp.*, 281 F.2d 766, 770 (2d Cir. 1960) (Friendly, J.)). *See also D.C. v. S.A.*, 687 N.E.2d 1032, 1038 (Ill. 1997) (explaining that the plaintiff in a negligence action does not have to plead or prove their own lack of contributory negligence or that defendants' negligence was the sole proximate cause of their injuries).

Rather, the burden of proving the plaintiff himself was negligent, or suddenly impaired by a medical condition such that it absolves the defendant of any liability is *on the defendant*. *BCS Servs.*, 637 F.3d at 757 ("[T]he burden of proving an 'intervening

cause'—something which snaps the 'causal chain' (that is, operates as a 'superseding cause,' wiping out the defendant's liability) that connects the wrongful act to the defendant's injury—is on the defendant." (citing *Roberts v. Printup,* 595 F.3d 1181, 1189–90 (10th Cir. 2010)) (alteration in original); *Restatement (Second) of Torts* § 440 (1965)); 735 ILL. COMP. STAT. 5/2-613 (contributory negligence is an affirmative defense that must be pled); Ill. Pattern Jury Instructions—Civil B21.02 (defendant has the burden of proving the plaintiff's contributory negligence); *Evans v. Brown*, 925 N.E.2d 1265, 1273 (Ill. App. Ct. 2010) (an act of God, including a sudden illness or death, which renders a driver incapable of controlling his car, is an affirmative defense that must be pleaded and proved by the defendant).

Turning to the facts of this case, it is undisputed the tractor was positioned in the eastbound lane as though it were traveling in that direction, but the tractor was actually immobile, and its trailer was fully obstructing the entire westbound lane of traffic. There is also no dispute the incident occurred on a rural road as the sun set and darkness fell. A reasonable jury could easily conclude that the disabled tractor trailer was a cause in fact of Mr. Archibald's injuries because if a disabled trailer had not been blocking the westbound lane of Route 16, then Mr. Archibald would not have crashed into it and been injured.

A reasonable jury could also easily conclude the disabled trailer was the legal cause of Mr. Archibald's injuries because under the circumstances outlined in the previous paragraph, the tractor trailer presented a dangerous scenario that posed a foreseeable risk of a motorist crashing into the trailer. That risk never terminated but

rather materialized when Mr. Archibald collided with the trailer. *See* D. DOBBS, P. HAYDEN & E. BUBLICK, THE LAW OF TORTS § 215 (2d ed.) ("In some cases, the defendant's negligence simply does not create a risk of the kind of harm that the plaintiff suffered. In such a case, the important thing is not that the plaintiff is at fault, or that the plaintiff's fault was a superseding cause, but rather . . . that the risk created by the defendant had terminated."). *See also Inman v. Howe Freightways, Inc.*, 130 N.E.3d 458, 481 (Ill. App. Ct. 2019) (explaining the cause-condition distinction "only carries weight 'where the forces set in operation by the defendant have come to rest in a position of apparent safety, and some new force intervenes.'" (quoting *Shank v. Fields*, 869 N.E.2d 261, 267 (Ill. App. Ct. 2007)).

As for Mr. Archibald's own negligence, Defendant did little more than present speculations, *e.g.*, "It is possible that, before the accident, the decedent fell asleep. It is possible that he went into a diabetic coma. It is possible that he was merely not paying attention." (*see* Doc. 59, p. 6). As best the Court can tell, there is one piece of evidence, and it is entirely circumstantial, from which it could be inferred that Mr. Archibald was potentially negligent: other vehicles were able to brake and avoid the trailer and Mr. Archibald did not. Reasonable people could draw different inferences from this fact. In other words, this fact is not one from which *only* a single inference flows. It is certainly not enough for the Court to conclude as a matter of law that Mr. Archibald was negligent, let alone that he was so negligent it was beyond reasonable anticipation and completely overrode Defendant's negligence to become the intervening, superseding, and sole proximate cause of the incident.

In sum, Plaintiff presented evidence that Mr. Archibald suffered the sort of injury

that would be the expected consequence of Defendant's negligence, and there is no irrefutable, unequivocal evidence of a superseding cause that broke the causal connection between Defendant's negligence and Mr. Archibald's injuries. *See BCS Servs.*, 637 F.3d at 758 (citing *Martin v. Herzog*, 126 N.E. 814, 816 (N.Y. 1920) (Cardozo, J.) ("evidence of a collision occurring more than an hour after sundown between a car and an unseen buggy, proceeding without lights, is evidence from which a causal connection may be inferred between the collision and the lack of signals")); *Osborne v. O'Brien*, 499 N.E.2d 455, 458 (Ill. 1986) (holding that when a plaintiff shows that their vehicle and the defendant's vehicle collide *on the plaintiff's side of the road*, "the plaintiff has made a *prima facie* case of the defendant's negligence" and it is incumbent on the defendant to adduce evidence to show that some reason other than his own negligence caused the accident).

Contrary to Defendant's assertion, the Court does not believe the "equal hypothesis" or "equal inference" rule is not at play here (Doc. 59, pp. 6–7; Doc. 64, p. 2). This rule provides that "[w]here proven facts give equal support to each of two inconsistent inferences, judgment as matter of law must go against party having burden of proof." *Pennsylvania R.R. v. Chamberlain*, 288 U.S. 333, 339 (1933). It is "simply a negative way of phrasing the rule of law that a plaintiff must sustain his burden of proof." *S.-E. Coal Co. v. Consolidation Coal Co.*, 434 F.2d 767, 777 (6th Cir. 1970). Where the facts are undisputed and there are several inferences deducible and equally consistent with all those facts, then "the plaintiff has not maintained the proposition upon which alone he would be entitled to recover." *Chamberlain*, 288 U.S. at 339 (quoting *Smith v. First Nat. Bank*, 99 Mass. 605, 612 (Mass. 1868)).

For example, in *Bakkan v. Vondran*, a carpenter died after a fall, which the plaintiff claimed was caused by unsafe scaffolding. 559 N.E.2d 815, 816, 819 (Ill. App. Ct. 1990). However, no none saw or heard the carpenter fall and there was no evidence the carpenter was preparing to get on, come down from, or that he was even on, the scaffold when he fell. *Id.* So while it was possible that he fell as a result of unsafe equipment, it was equally possible based on the facts presented, that he fell as a result of some other cause, wholly unrelated to the scaffold. "Since it [was] just as possible that decedent's fall was caused by other reasons, to infer that the cause was the scaffold/ladder would be speculative at best," and therefore summary judgment was proper. *Id.*

As another example, in *Salinas v. Chicago Park Dist.*, a child died after falling from a slide at a Chicago playground. 545 N.E.2d 184, 185 (Ill. App. Ct. 1989). The child's mother put forth expert testimony that the platform of the slide was defectively installed because there was a bar across the very top of the stairs which made it difficult for children to gain access to the platform. *Id.* However, the child's mother last saw her halfway up the stairs and there was no evidence the child ever reached the allegedly defective platform. *Id.* at 186. Consequently, a finding that she fell as a result of any defect in the platform would be based upon conjecture and speculation, and summary judgment was appropriate. *Id.*

In *Richardson v. Bond Drug Co. of Illinois*, the plaintiff slipped and fell in defendant's store. 901 N.E.2d 973, 974 (Ill. App. Ct. 2009). He testified that he did not know what caused him to slip, but he assumed that there was liquid on the floor because his clothes were wet after the fall. *Id.* at 976. The store manager testified that she did not see any

liquid on the floor before the plaintiff slipped and noted that the plaintiff's shoes may have been wet from snow. *Id.* The court granted summary judgment to defendant because the evidence "d[id] not show with any measure of probability" that liquid was on the floor prior to plaintiff's fall. *Id.* at 977.

Unlike these cases, here, Plaintiff has not asked the Court to draw an inference based on conjecture or speculation, or to choose between two equally plausible inferences regarding the proximate cause of the decedent's injuries. In fact, no inferences need to be drawn at all regarding what happened to cause Mr. Archibald's injuries—it is quite clear. He was injured after crashing his car into the trailer that was blocking his entire lane. In other words, Plaintiff has provided sufficient evidence that Defendant's negligence was at least a proximate cause of the complained-of injury. That is enough to survive summary judgment. Defendant remains free to argue to the jury that something other than its driver's negligence is wholly responsible for Plaintiff's injury.

In conclusion, proximate causation cannot be determined as a matter of law and must be left for the jury to decide. Defendant's motion for summary judgment is denied.

## Conclusion

Plaintiff Angela Archibald's motion to supplement her brief in opposition to the motion for summary judgment (Doc. 65) is **DENIED.**

Defendant Orbit Express, Inc.'s motion for summary judgment (Doc. 59) is **DENIED**.

Defendant's motions to exclude the testimony of Plaintiff's experts (Docs. 77, 81) remain under advisement. An Order will be issued in due course.

**IT IS SO ORDERED.**

**DATED: September 2, 2020**

                                                **s/ Mark A. Beatty**
                                                **MARK A. BEATTY**
                                                **United States Magistrate Judge**